JOHNSTON, District Judge,
concurring in part and dissenting in part:
I write separately to dissent only from Part IV of the majority’s well-reasoned opinion. In my view, McCray’s pro se complaint, liberally construed, sufficiently states a TILA claim against Wells Fargo.
McCray sued Wells Fargo under a statutory provision that requires the new owner or assignee of a mortgage loan to notify the borrower, in writing and within 30 days of the transfer of the mortgage loan, of the pertinent details surrounding the transfer and the new owner. McCray alleges that she was not given such notice, a circumstance that understandably made the task of identifying the actual owner of the mortgage loan difficult. That task was further complicated by the fact that in this case, it appears that McCray’s debt obligation (as the majority points out, the document whose transfer triggers the § 1641(g) notice provision), was uncoupled and transferred separately from her deed of trust (a document which McCray does not dispute confers only a beneficial interest insúfficient on its own to trigger § 1641(g)). In general, the record does not disclose details about the various transfers of McCray’s loan documents over the years. What is clear, however, is that Wells Fargo received an interest in the deed of trust in 2012 and noted that interest in the public record. McCray duly alleged Wells Fargo’s interest in the operative complaint. With respect to Freddie Mac, on the other hand, McCray had nothing to go on but the representations of the defendants in this case. Notably, her pleading asserts that while the “defendants claim[ ] Freddie Mac is the owner of Plaintiffs Promissory Note,” there was nothing in the public record indicating that Freddie Mac had ever received such an interest.
Thus, while McCray’s TILA claims are based on the understanding that Wells Fargo owned her deed of trust and Freddie Mac owned her promissory note, her fundamental assertion was that she did not know who owned her note because she had not been provided the requisite notice. She then attempted to cast a wide net by naming both of the entities who appeared to have some interest in her mortgage loan and alleging that neither provided her with any notice of any assignment of either her deed of trust or her promissory note. Given this state of affairs, I find the majority’s conclusion that McCray asserted Freddie Mac to be the actual owner of her loan to be an unduly strict reading of McCray’s pro se complaint.
From McCray’s perspective, she knew that her deed of trust had been transferred to Wells Fargo and that the deed could be sold “together” with her note, based on the language of her deed of trust. She had no information about any transfer involving her debt obligation. Given that McCray was unaware of who actually *364 owned her note—again because she alleges that she was not provided statutorily-required notice of the note’s transfer—I would draw the inference that the majority opinion does not. That is that liberally construed, McCray’s complaint raises the inference that the deed and the loan were transferred together and that Wells Fargo received an interest in both. Her allegations against Freddie Mac are not inconsistent with that inference because they are equivocal at best and based on incomplete information. If Wells Fargo did not in fact receive an ownership interest, and if Freddie Mac did in fact receive such an interest prior to 2009, discovery will surely reveal those facts. At the pleading stage, however, I would find that McCray has done enough to state a plausible § 1641(g) claim and put the burden on Wells Fargo to produce the relevant documentation.
Finally, I would note the irony of dismissing a claim alleging violation of a notice-giving provision on the basis of its failure to identify, at the pleading stage, the party who failed to provide such notice. The discovery process is well-suited to accomplish this task, and under an appropriately liberal construction, McCray has done enough to open discovery’s doors.
Accordingly, I respectfully dissent from the portion of the majority opinion that upholds the district court’s dismissal of McCray’s TILA claim against Wells Fargo. In all other respects, I am pleased to eoncur in the majority opinion.